| | |
|---|---|
| | **UNITED STATES DISTRICT COURT** |
| | EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| DAVID ARKEEN EVANS,<br><br>          Plaintiff,<br><br>     v.<br><br>DIAZ, *et al.*,<br><br>          Defendants. | Case No.  1:22-cv-00291-DAD-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 13) |

Plaintiff David Arkeen Evans ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's first amended complaint, filed July 7, 2022, is awaiting screening.  (ECF No. 11.)

Currently before the Court is Plaintiff's motion for appointment of counsel, filed August 1, 2022.  (ECF No. 13.)  Plaintiff argues that counsel should be appointed because this case is factually complex and require expert testimony, Plaintiff's incarceration prevents him from conducting discovery or investigation of facts, Plaintiff is an indigent prisoner with no legal training, the case is legally complex, the pandemic limits his access to the law library, and his case is meritorious.  Plaintiff further states that he is a patient diagnosed with severe depression and anxiety, being treated in the EOP Mental Health Program.  The medication Plaintiff takes has side effects leaving him at times in a state of mental fog.  Plaintiff has made repeated but unsuccessful attempts to obtain counsel.  (*Id.*)

1

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners proceeding *pro se* who are being treated for mental health conditions and with limited access to legal research materials almost daily. These prisoners also must make complex legal arguments and prosecute claims without the assistance of counsel.

Furthermore, the filing fee has been paid and Plaintiff is not proceeding *in forma pauperis* in this action. The Court is not aware of any authority that would allow the appointment of counsel for a litigant in a civil action who is not proceeding *in forma pauperis*.

Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. As demonstrated in the instant motion, Plaintiff is able to prepare and file documents clearly setting forth his contentions, without assistance from counsel or an interpreter. Furthermore, although the first amended complaint has not yet been screened, the Court screened the original complaint and found that it stated some cognizable claims that could proceed in this action.

///

2

For the foregoing reasons, Plaintiff's motion for appointment of counsel, (ECF No. 13), is HEREBY DENIED, without prejudice. Plaintiff's first amended complaint will be screened in due course.

IT IS SO ORDERED.

Dated: __August 3, 2022__                       /s/ *Barbara A. McAuliffe*
                                                        UNITED STATES MAGISTRATE JUDGE