**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARKEEN EVANS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DIAZ, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:22-cv-00291-ADA-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO OPT-OUT OF THE POST-SCREENING ADR PROJECT<br>(ECF No. 33)<br><br>ORDER LIFTING STAY OF PROCEEDINGS<br><br>ORDER VACATING AUGUST 16, 2023 SETTLEMENT CONFERENCE<br>(ECF No. 32)<br><br>ORDER DIRECTING CLERK OF COURT TO ISSUE DISCOVERY AND SCHEDULING ORDER AND CONSENT/DECLINE FORM |

Plaintiff David Arkeen Evans ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against: (1) Defendants E. Diaz and Ramirez for excessive force in violation of the Eighth Amendment for spraying Plaintiff with OC spray; (2) Defendant Reed for excessive force in violation of the Eighth Amendment for ramming Plaintiff with his riot shield and pinning Plaintiff to a desk; (3) Defendants E. Diaz and Ramirez for excessive force in violation of the Eighth Amendment for applying excessively tight ankle restraints and dragging Plaintiff by the chain of the shackles into the hallway; (4) Defendants Martin, E. Diaz, Ramirez, and Marin for excessive force in violation of the Eighth Amendment for beating Plaintiff with batons in the

1

hallway; (5) Defendants A. Aguilar and E. Figueroa for failure to intervene in violation of the Eighth Amendment; (6) Defendant Bradford for deliberate indifference to serious medical needs in violation of the Eighth Amendment for refusing to admit Plaintiff to a suicide crisis bed after Plaintiff swallowed two razor blades with the intent of killing himself; and (8) Defendants Stanley, Arrozola, and Aguilar for unconstitutional conditions of confinement in violation of the Eighth Amendment.

Defendants E. Diaz, Martin, Stanley, Ramirez, A. Aguilar, E. Figueroa, Marin, and Arrozola ("Defendants") answered the complaint on May 24, 2023.[1]  (ECF No. 31.)

On June 1, 2023, the Court identified this case as an appropriate case for the post-screening ADR (Alternative Dispute Resolution) project, and stayed the action to allow the parties an opportunity to settle their dispute before the discovery process begins.  (ECF No. 32.)  The Court's order granted Defendants time to investigate and determine whether to opt out of the post-screening ADR project.

On June 16, 2023, Defendants filed a motion to opt-out of post-screening alternative dispute resolution project and a request to vacate the settlement conference.  (ECF No. 33.)  After investigating Plaintiff's claims, conducting a review of Plaintiff's central file records and inmate appeals, discussing the matter with Defendants and defense counsel's supervisor, and meeting and conferring with Plaintiff regarding the prospects of settlement in this case, defense counsel believes settlement is not currently achievable.  Defendants may reconsider this position pending further discovery.  (*Id.*)  Therefore, the stay is lifted, and the August 16, 2023, settlement conference is vacated.  This case is now ready to proceed.

If the parties wish to set a settlement conference with the Court at a later date, they should so inform the Court.  However, the parties are also reminded that they are not precluded from negotiating a settlement without judicial assistance.

///

---

[1] Defendant Reed has not yet been served.  (ECF No. 27.)  Defendant Bradford was personally served on April 26, 2023, and has not yet appeared.  (ECF No. 30.)  These defendants will be addressed by separate orders.

2

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to opt out of the post-screening ADR project, (ECF No. 33), is GRANTED;
2. The stay of this action, (ECF No. 32), is LIFTED;
3. The August 16, 2023 settlement conference is VACATED;
4. The Clerk of the Court is DIRECTED to issue a discovery and scheduling order and a consent/decline form to the parties; and
5. The parties may proceed with discovery pursuant to the discovery and scheduling order to be issued by separate order.

IT IS SO ORDERED.

Dated: **June 22, 2023**          /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE