1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10
11

DAVID ARKEEN EVANS,

12

        Plaintiff,

13

    v.

14

DIAZ, *et al.*,

15

        Defendants.

16
17
18

Case No.  1:22-cv-00291-ADA-BAM (PC)

ORDER REQUIRING DEFENDANT BRADFORD TO SHOW CAUSE WITHIN THIRTY DAYS WHY DEFAULT SHOULD NOT BE ENTERED

(ECF No. 30)

ORDER DIRECTING CLERK'S OFFICE TO SERVE COURTESY COPY

**THIRTY (30) DAY DEADLINE**

19
       Plaintiff David Arkeen Evans ("Plaintiff") is a state prisoner proceeding *pro se* in this

20
civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended

21
complaint against: (1) Defendants E. Diaz and Ramirez for excessive force in violation of the

22
Eighth Amendment for spraying Plaintiff with OC spray; (2) Defendant Reed for excessive force

23
in violation of the Eighth Amendment for ramming Plaintiff with his riot shield and pinning

24
Plaintiff to a desk; (3) Defendants E. Diaz and Ramirez for excessive force in violation of the

25
Eighth Amendment for applying excessively tight ankle restraints and dragging Plaintiff by the

26
chain of the shackles into the hallway; (4) Defendants Martin, E. Diaz, Ramirez, and Marin for

27
excessive force in violation of the Eighth Amendment for beating Plaintiff with batons in the

28
hallway; (5) Defendants A. Aguilar and E. Figueroa for failure to intervene in violation of the

Eighth Amendment; (6) Defendant Bradford for deliberate indifference to serious medical needs in violation of the Eighth Amendment for refusing to admit Plaintiff to a suicide crisis bed after Plaintiff swallowed two razor blades with the intent of killing himself; and (8) Defendants Stanley, Arrozola, and Aguilar for unconstitutional conditions of confinement in violation of the Eighth Amendment.

Defendants E. Diaz, Martin, Stanley, Ramirez, A. Aguilar, E. Figueroa, Marin, and Arrozola answered the complaint on May 24, 2023.[1]  (ECF No. 31.)

On January 20, 2023, the Court issued an order directing service on Defendants under the Court's E-Service pilot program for civil rights cases for the Eastern District of California.  (ECF No. 18.)  Defendant Bradford was unable to be electronically served, and service documents were then forwarded to the United States Marshals Service.  (ECF No. 25.)

On April 10, 2023, a waiver of service of process was mailed to a residential address in Rancho Cucamonga, California.  (ECF No. 30.)  The matter was then forwarded to the Central District of California for personal service, and on May 4, 2023, the United States Marshal filed a USM-285 form indicating that on May 4, 2023, Defendant Bradford's wife was personally served at the Rancho Cucamonga residential address.  (*Id.*)  The deadline for the filing of Defendant Bradford's answer to the complaint was therefore May 25, 2023.[2]  Fed. R. Civ. P. 12(a)(1)(A)(i).

Accordingly, it is HEREBY ORDERED that:

1.  Within **thirty (30) days** from the date of service of this order, Defendant Bradford shall show cause why default should not be entered against him;

2.  To facilitate the ability to comply with this order, Defendant Bradford's obligation to respond to the complaint is extended **thirty (30) days** from the date of service of this order; and

///

---

[1] Defendant Reed has not yet been served.  (ECF No. 27.)  This defendant will be addressed by separate order.

[2] The Court notes that the May 17, 2023 deadline for the filing of Defendant Bradford's answer as indicated on the docket is incorrect.  (*See* ECF No. 30, docket text.)

3.  The Clerk's Office shall serve a courtesy copy of this order on Defendant John Bradford
    at the residential address listed in the May 4, 2023, USM-285 form, (ECF No. 30).

IT IS SO ORDERED.

Dated:   __**June 22, 2023**__                    _____/s/ *Barbara A. McAuliffe*_____
                                                  UNITED STATES MAGISTRATE JUDGE