# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARKEEN EVANS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DIAZ, *et al.*,<br><br>　　　　Defendants. | Case No. 1:22-cv-00291-ADA-BAM (PC)<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT REED SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE<br><br>(ECF Nos. 18, 27)<br><br>**THIRTY (30) DAY DEADLINE** |

**I.　Background**

　　Plaintiff David Arkeen Evans ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against: (1) Defendants E. Diaz and Ramirez for excessive force in violation of the Eighth Amendment for spraying Plaintiff with OC spray; (2) Defendant Reed for excessive force in violation of the Eighth Amendment for ramming Plaintiff with his riot shield and pinning Plaintiff to a desk; (3) Defendants E. Diaz and Ramirez for excessive force in violation of the Eighth Amendment for applying excessively tight ankle restraints and dragging Plaintiff by the chain of the shackles into the hallway; (4) Defendants Martin, E. Diaz, Ramirez, and Marin for excessive force in violation of the Eighth Amendment for beating Plaintiff with batons in the hallway; (5) Defendants A. Aguilar and E. Figueroa for failure to intervene in violation of the

1

Eighth Amendment; (6) Defendant Bradford for deliberate indifference to serious medical needs in violation of the Eighth Amendment for refusing to admit Plaintiff to a suicide crisis bed after Plaintiff swallowed two razor blades with the intent of killing himself; and (8) Defendants Stanley, Arrozola, and Aguilar for unconstitutional conditions of confinement in violation of the Eighth Amendment.

Defendants E. Diaz, Martin, Stanley, Ramirez, A. Aguilar, E. Figueroa, Marin, and Arrozola answered the complaint on May 24, 2023.[1]  (ECF No. 31.)  Defendant Reed has not yet been served.  (ECF No. 27.)

## II.     Attempt to Serve Defendant Reed

On January 20, 2023, the Court issued an order directing service on Defendants under the Court's E-Service pilot program for civil rights cases for the Eastern District of California.  (ECF No. 18.)  The order included the following information regarding Defendant Reed: "Anthony Reed, Correctional Officer; KVSP; on or about January 19, 2019, approximately 1520 hours; Ad-Seg Mental Health Treatment Room, adjoining hallway, A-Pod." (*Id.* at 2.)  On April 10, 2023, the Court received information from the United States Marshals Service that Defendant Anthony Reed died in 2021 from complications related to COVID, and could not be served.  (ECF No. 27.)

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(3).  "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed

---

[1] Defendant Bradford was personally served on April 26, 2023, and has not yet appeared.  (ECF No. 30.)  This defendant will be addressed by separate order.

for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472, 115 (1995). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421–22.

Here, the U.S. Marshal attempted to electronically serve Defendant Reed with the information that Plaintiff provided. However, the Marshal was informed that Defendant Reed was deceased, and therefore could not be served with process. If Plaintiff believes that this information is incorrect, Plaintiff may attempt to provide further identifying information regarding Defendant Reed. If Plaintiff is unable to provide the Marshal with the necessary information to identify and locate this defendant, Defendant Reed shall be dismissed from this action, without prejudice.

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant Reed should not be dismissed from the action at this time. Plaintiff may respond to this order by providing additional information that will assist the Marshal in identifying Defendant Reed for service of process.

**III.     Notice of Suggestion of Death**

Alternatively, if Plaintiff, or any other party, believes that the information received by the United States Marshals Service is correct, they may file a notice of suggestion of death of Defendant Reed, pursuant to Federal Rule of Civil Procedure 25(a)(1).

Federal Rule of Civil Procedure 25(a)(1) provides for the dismissal of Defendant Reed from this action if a motion for substitution is not made within ninety days after service of a statement noting Reed's death. Fed. R. Civ. P. 25(a)(1). Two things are required of a party for the running of the ninety-day period to commence: a party must 1) formally suggest the death of the party on the record, and 2) serve the suggestion of death on the other parties and the nonparty

successors or representatives of the deceased. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). In order for the ninety-day period for substitution to be triggered, a party must formally suggest the death of the party upon the record, Fed. R. Civ. P. 25(a)(1), and must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute, Fed. R. Civ. P. 25(a)(3). Thus, a party may be served with the suggestion of death by service on his or her attorney, Fed. R. Civ. P. 5(b), while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons. Fed. R. Civ. P. 25(a)(3); *Barlow*, 39 F.3d at 232–34. Rule 25 requires dismissal absent a motion for substitution within the ninety-day period only if the statement of death was properly served. *Unicorn Tales, Inc., v. Bannerjee*, 138 F.3d 467, 469–71 (2d Cir. 1998).

At this time, there has been no formal notice of suggestion of death of Defendant Reed on the record. Plaintiff, or any other party, will be provided an opportunity to do so. If such a notice is filed and properly served on the appropriate parties and nonparty successors or representatives of the deceased, then the ninety-day period for the filing of a motion for substitution will begin to run.

**IV.    Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff SHALL EITHER:
   a. Show cause by written response why Defendant Reed should not be dismissed from this action;
   b. File a notice of suggestion of death of Defendant Reed, including either a proof of service on the appropriate parties and nonparty successors or representatives of Defendant Reed (or a request for service by the United States Marshals Service); **<u>or</u>**
   c. File a notice that he wishes to voluntarily dismiss Defendant Reed from this action;

///

2. This order does not preclude the filing of a notice of suggestion of death by any other party before the expiration of the deadline; and

3. **Plaintiff's failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Reed from this action, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).**

IT IS SO ORDERED.

Dated: __June 22, 2023__         ____/s/ Barbara A. McAuliffe____
                                                     UNITED STATES MAGISTRATE JUDGE