# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARKEEN EVANS,<br><br>            Plaintiff,<br><br>     v.<br><br>DIAZ, *et al.*,<br><br>            Defendants. | Case No.  1:22-cv-00291-ADA-BAM (PC)<br><br>ORDER NOTIFYING PARTIES THAT NINETY-DAY PERIOD WITHIN WHICH TO FILE MOTION FOR SUBSTITUTION HAS NOT BEEN TRIGGERED BY FILING OF NOTICE OF SUGGESTION OF DEATH DUE TO SERVICE DEFICIENCY<br><br>(ECF No. 39)<br><br>ORDER EXTENDING DEADLINE FOR PLAINTIFF TO SHOW CAUSE WHY DEFENDANT REED SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff David Arkeen Evans ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against: (1) Defendants E. Diaz and Ramirez for excessive force in violation of the Eighth Amendment for spraying Plaintiff with OC spray; (2) Defendant Reed for excessive force in violation of the Eighth Amendment for ramming Plaintiff with his riot shield and pinning Plaintiff to a desk; (3) Defendants E. Diaz and Ramirez for excessive force in violation of the Eighth Amendment for applying excessively tight ankle restraints and dragging Plaintiff by the

chain of the shackles into the hallway; (4) Defendants Martin, E. Diaz, Ramirez, and Marin for excessive force in violation of the Eighth Amendment for beating Plaintiff with batons in the hallway; (5) Defendants A. Aguilar and E. Figueroa for failure to intervene in violation of the Eighth Amendment; (6) Defendant Bradford for deliberate indifference to serious medical needs in violation of the Eighth Amendment for refusing to admit Plaintiff to a suicide crisis bed after Plaintiff swallowed two razor blades with the intent of killing himself; and (8) Defendants Stanley, Arrozola, and Aguilar for unconstitutional conditions of confinement in violation of the Eighth Amendment.

On April 10, 2023, the Court received information from the United States Marshals Service that Defendant Anthony Reed died in 2021 from complications related to COVID, and could not be served. (ECF No. 27.) In light of this information, the Court issued an order for Plaintiff to either: (1) show cause by written response why Defendant Reed should not be dismissed from this action; (2) file a notice of suggestion of death of Defendant Reed, including either a proof of service on the appropriate parties and nonparty successors or representatives of Defendant Reed (or a request for service by the United States Marshals Service); or (3) file a notice that he wishes to voluntarily dismiss Defendant Reed from this action. (ECF No. 38.) Plaintiff was also provided with the requirements for filing a notice of suggestion of death pursuant to Federal Rule of Civil Procedure 25(a)(1). (*Id.* at 3–4.)

On July 6, 2023, Plaintiff filed a notice of suggestion of death indicating that he believes he provided the proper information to locate and serve Defendant Reed and therefore Defendant Reed should not be dismissed from this action. (ECF No. 39.) Plaintiff further states that he believes the information received by the United States Marshals Service is correct and files the instant notice of suggestion of death pursuant to Rule 25(a)(1). (*Id.* at 2.) The notice includes a proof of service of the notice on the Court and defense counsel. (*Id.* at 3.)

As Plaintiff was previously informed, Federal Rule of Civil Procedure 25(a)(1) provides for the dismissal of Defendant Reed from this action if a motion for substitution is not made within ninety days after service of a statement noting Reed's death. Fed. R. Civ. P. 25(a)(1). Two things are required of a party for the running of the ninety-day period to commence: a party

1 must 1) formally suggest the death of the party on the record, and 2) serve the suggestion of death
2 on the other parties and the nonparty successors or representatives of the deceased. *Barlow v.*
3 *Ground*, 39 F.3d 231, 233 (9th Cir. 1994).  In order for the ninety-day period for substitution to
4 be triggered, a party must formally suggest the death of the party upon the record, Fed. R. Civ. P.
5 25(a)(1), and must serve other parties and nonparty successors or representatives of the deceased
6 with a suggestion of death in the same manner as required for service of the motion to substitute,
7 Fed. R. Civ. P. 25(a)(3).  Thus, a party may be served with the suggestion of death by service on
8 his or her attorney, Fed. R. Civ. P. 5(b), while non-party successors or representatives of the
9 deceased party must be served the suggestion of death in the manner provided by Rule 4 for the
10 service of a summons.  Fed. R. Civ. P. 25(a)(3); *Barlow*, 39 F.3d at 232–34.  Rule 25 requires
11 dismissal absent a motion for substitution within the ninety-day period only if the statement of
12 death was properly served.  *Unicorn Tales, Inc., v. Bannerjee*, 138 F.3d 467, 469–71 (2d Cir.
13 1998).

14       Although Plaintiff attempted to file a notice of suggestion of death pursuant to Rule
15 25(a)(1), there is no indication that the notice was served on Defendant Reed's nonparty
16 successor(s) or representative(s) as required.  Therefore, the ninety-day period for filing a motion
17 for substitution has not been triggered, nor has Plaintiff provided any additional information that
18 would enable the United States Marshal to properly serve Defendant Reed or his nonparty
19 successors or representatives.

20       In light of Plaintiff's *pro se* status, he will be provided a **final opportunity** to correct this
21 deficiency or to otherwise provide additional information to properly serve Defendant Reed.

22       Based on the foregoing, IT IS HEREBY ORDERED that:

23   1. The parties are NOTIFIED that the ninety-day period for substitution pursuant to Rule
24      25(a)(1) has not been triggered by Plaintiff's notice of suggestion of death, (ECF No. 39);
25   2. Within **thirty (30) days** from the date of service of this order, Plaintiff SHALL EITHER:
26      a. Show cause by written response why Defendant Reed should not be dismissed
27         from this action;
28 ///

3

  b. File a notice of suggestion of death of Defendant Reed, <u>including either a proof of service on the appropriate parties and nonparty successors or representatives of Defendant Reed (or a request for service by the United States Marshals Service)</u>;

  **<u>or</u>**

  c. File a notice that he wishes to voluntarily dismiss Defendant Reed from this action;

3. This order does not preclude the filing of a notice of suggestion of death by any other party before the expiration of the deadline; and

4. **<u>Plaintiff's failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Reed from this action, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m)</u>.**

IT IS SO ORDERED.

Dated: **July 12, 2023**       /s/ *Barbara A. McAuliffe*
                  UNITED STATES MAGISTRATE JUDGE

4