# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARKEEN EVANS,<br><br>           Plaintiff,<br><br>    v.<br><br>DIAZ, *et al.*,<br><br>           Defendants. | Case No.  1:22-cv-00291-ADA-BAM (PC)<br><br>ORDER DISCHARGING ORDER REQUIRING DEFENDANT BRADFORD TO SHOW CAUSE WHY DEFAULT SHOULD NOT BE ENTERED<br>(ECF No. 37)<br><br>ORDER EXTENDING APPLICATION OF JUNE 22, 2023 DISCOVERY AND SCHEDULING ORDER TO DEFENDANT BRADFORD<br>(ECF No. 35) |

Plaintiff David Arkeen Evans ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against: (1) Defendants E. Diaz and Ramirez for excessive force in violation of the Eighth Amendment for spraying Plaintiff with OC spray; (2) Defendant Reed for excessive force in violation of the Eighth Amendment for ramming Plaintiff with his riot shield and pinning Plaintiff to a desk; (3) Defendants E. Diaz and Ramirez for excessive force in violation of the Eighth Amendment for applying excessively tight ankle restraints and dragging Plaintiff by the chain of the shackles into the hallway; (4) Defendants Martin, E. Diaz, Ramirez, and Marin for excessive force in violation of the Eighth Amendment for beating Plaintiff with batons in the hallway; (5) Defendants A. Aguilar and E. Figueroa for failure to intervene in violation of the

Eighth Amendment; (6) Defendant Bradford for deliberate indifference to serious medical needs in violation of the Eighth Amendment for refusing to admit Plaintiff to a suicide crisis bed after Plaintiff swallowed two razor blades with the intent of killing himself; and (8) Defendants Stanley, Arrozola, and Aguilar for unconstitutional conditions of confinement in violation of the Eighth Amendment.

Defendants E. Diaz, Martin, Stanley, Ramirez, A. Aguilar, E. Figueroa, Marin, and Arrozola answered the complaint on May 24, 2023. (ECF No. 31.)

On January 20, 2023, the Court issued an order directing service on Defendants under the Court's E-Service pilot program for civil rights cases for the Eastern District of California. (ECF No. 18.) Defendant Bradford was unable to be electronically served, and service documents were then forwarded to the United States Marshals Service. (ECF No. 25.) On April 10, 2023, a waiver of service of process was mailed to a residential address in Rancho Cucamonga, California. (ECF No. 30.) The matter was then forwarded to the Central District of California for personal service, and on May 4, 2023, the United States Marshal filed a USM-285 form indicating that on May 4, 2023, Defendant Bradford's wife was personally served at the Rancho Cucamonga residential address. (*Id.*) Following the expiration of the deadline for the filing of Defendant Bradford's response to the complaint, the Court issued an order directing Defendant Bradford to show cause why default should not be entered against him, and further ordered that Defendant Bradford could comply with the Court's order by filing a response to the complaint by an extended deadline of thirty days. (ECF No. 37.)

On July 21, 2023, Defendant Bradford filed an answer to the complaint and a declaration of counsel. (ECF No. 41.) The declaration of counsel indicates that although Defendant Bradford was aware of the service of the summons packet on his wife, and was contacted by CDCR, he was uncertain of his need to respond with any additional paperwork. In addition, Defendant Bradford began working in Georgia beginning in April 2023, while his wife remained in California. (ECF No. 41-1.)

Based on the prompt filing of Defendant Bradford's answer and response to the order to show cause indicating that Defendant Bradford's initial failure to file a timely answer was based

on a misunderstanding, the Court finds that Defendant Bradford has demonstrated an intent to defend the suit on its merits.  The Court can discern no prejudice to Plaintiff as a result of the brief delay, particularly as no deadlines will be changed as a result of the belated filing of Defendant Bradford's answer.

Accordingly, it is HEREBY ORDERED as follows:

1. The June 22, 2023 order requiring Defendant Bradford to show cause why default should not be entered, (ECF No. 37), is DISCHARGED; and
2. Application of the June 22, 2023 discovery and scheduling order, (ECF No. 35), is EXTENDED to Defendant Bradford.

IT IS SO ORDERED.

Dated:   **July 24, 2023**               /s/ *Barbara A. McAuliffe*    _
                                        UNITED STATES MAGISTRATE JUDGE