# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARKEEM EVANS,<br><br>  Plaintiff,<br><br>  v.<br><br>DIAZ, *et al.*,<br><br>  Defendants. | Case No. 1:22-cv-00291-ADA-BAM (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br>(ECF No. 38)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS DEFENDANT REED FOR FAILURE TO COMPLETE SERVICE OF PROCESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff David Arkeem Evans ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against: (1) Defendants E. Diaz and Ramirez for excessive force in violation of the Eighth Amendment for spraying Plaintiff with OC spray; (2) Defendant Reed for excessive force in violation of the Eighth Amendment for ramming Plaintiff with his riot shield and pinning Plaintiff to a desk; (3) Defendants E. Diaz and Ramirez for excessive force in violation of the Eighth Amendment for applying excessively tight ankle restraints and dragging Plaintiff by the chain of the shackles into the hallway; (4) Defendants Martin, E. Diaz, Ramirez, and Marin for excessive force in violation of the Eighth Amendment for beating Plaintiff with batons in the hallway; (5) Defendants A. Aguilar and E. Figueroa for failure to intervene in violation of the

1  Eighth Amendment; (6) Defendant Bradford for deliberate indifference to serious medical needs
2  in violation of the Eighth Amendment for refusing to admit Plaintiff to a suicide crisis bed after
3  Plaintiff swallowed two razor blades with the intent of killing himself; and (7) Defendants
4  Stanley, Arrozola, and Aguilar for unconstitutional conditions of confinement in violation of the
5  Eighth Amendment.

**I.    Background**

On April 10, 2023, the Court received information from the United States Marshals Service that Defendant Anthony Reed died in 2021 from complications related to COVID, and could not be served.  (ECF No. 27.)  In light of this information, the Court issued an order for Plaintiff to either: (1) show cause by written response why Defendant Reed should not be dismissed from this action; (2) file a notice of suggestion of death of Defendant Reed, including either a proof of service on the appropriate parties and nonparty successors or representatives of Defendant Reed (or a request for service by the United States Marshals Service); or (3) file a notice that he wishes to voluntarily dismiss Defendant Reed from this action.  (ECF No. 38.)  Plaintiff was also provided with the requirements for filing a notice of suggestion of death pursuant to Federal Rule of Civil Procedure 25(a)(1).  (*Id.* at 3–4.)

On July 6, 2023, Plaintiff filed a notice of suggestion of death indicating his belief that he provided the proper information to locate and serve Defendant Reed.  (ECF No. 39.)  The Court issued an order indicating that the notice was improper because it was not served on Defendant Reed's nonparty successor(s) or representative(s) as required, and again provided the requirements for filing a notice of suggestion of death pursuant to Rule 25(a)(1).  (ECF No. 40.)  The Court order further notified the parties that the ninety-day period for substitution had not yet been triggered and extended the deadline for Plaintiff to respond to the order to show cause.  Plaintiff was warned that his failure to respond to this order or failure to show cause would result in the dismissal of Defendant Reed from this action due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).  (*Id.*)

///

///

## II. Plaintiff's Motion to Substitute and Response to Order to Show Cause

On September 25, 2023, Plaintiff filed a motion to substitute estate in place of deceased, (ECT No. 46), together with a response to the order to show cause, (ECF No. 47). Counsel for the remaining defendants filed a declaration in response to Plaintiff's filings on September 29, 2023. (ECF No. 48.) The Court finds that a reply is unnecessary, and Plaintiff's motion to substitute is deemed submitted. Local Rule 230(l).

In the motion to substitute, Plaintiff moves the Court for an order substituting the Estate of Defendant Reed or his Representative, and states that the substitution is unopposed by counsel for Defendant. (ECF No. 46.) The included certificate of service indicates that the motion was served on the Department of Justice in San Diego, California and the Court. (*Id.* at 2.) In the response to the order to show cause, Plaintiff further explains that he believes he has shown an effort to prosecute by filing his notice of suggestion of death and motion to substitute on the Court and Defendant Reed's attorney, that Defendant Reed played a huge rule in Plaintiff's excessive and unnecessary use of force claims, and states that he has not missed any other deadlines in this matter. (ECF No. 47.)

Counsel for Defendants Figueroa, Stanley, Arrozola, Marin, Ramirez, Diaz, Bradford, Martins, and Aguilar filed a response explaining that their office does not represent Defendant Reed, as he is deceased, and counsel has received no communication or information from Plaintiff regarding Defendant Reed. (ECF No. 48.) Further, counsel declares that they have not stipulated to a substitution of Defendant Reed as represented by Plaintiff in his motion. (*Id.*)

## III. Discussion

Having reviewed the parties' filings, the Court finds that none of the parties has satisfied the requirements of Rule 25(a)(1) for filing a notice of suggestion of death, because no party has identified Defendant Reed's non-party successor(s) or representative(s) and served them with the notice of suggestion of death. Despite Plaintiff's efforts to prosecute this action against Defendant Reed, there is no indication that he has any information that would allow him to identify Defendant Reed's non-party successor(s) or representative(s), or that he has any way of acquiring additional identifying information. It appears that counsel for the remaining

defendants—who does not represent Defendant Reed—also does not have further information to identify Defendant Reed's non-party successor(s) or representative(s). Accordingly, it appears that there is no further information that would assist the Court or the United States Marshal in completing service on Defendant Reed or his non-party successor(s) or representative(s).

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Plaintiff was informed of the requirements of Rules 4 and 25, and provided with multiple opportunities and extensions of time to complete service of process on Defendant Reed or Defendant Reed's non-party successor(s) or representative(s). Despite his best efforts to prosecute this action against Defendant Reed, it appears Plaintiff does not have the information necessary to comply with the necessary requirements of the Rules. In light of the foregoing, the undersigned recommends that Defendant Reed be dismissed, without prejudice, based on Plaintiff's failure to serve process.

**IV.    Conclusion and Recommendation**

Accordingly, the Court's June 22, 2023 order to show cause why Defendant Reed should not be dismissed from this action for failure to provide sufficient information to effectuate service, (ECF No. 38), is HEREBY DISCHARGED.

Further, IT IS HEREBY RECOMMENDED as follows:

1. Defendant Reed be dismissed from this action, without prejudice, for failure to serve process under Rule 4(m); and
2. This action proceed on Plaintiff's first amended complaint against:
    a. Defendants E. Diaz and Ramirez for excessive force in violation of the Eighth Amendment for spraying Plaintiff with OC spray;
    b. Defendants E. Diaz and Ramirez for excessive force in violation of the Eighth Amendment for applying excessively tight ankle restraints and dragging Plaintiff

4

        by the chain of the shackles into the hallway;

  c. Defendants Martin, E. Diaz, Ramirez, and Marin for excessive force in violation of the Eighth Amendment for beating Plaintiff with batons in the hallway;

  d. Defendants A. Aguilar and E. Figueroa for failure to intervene in violation of the Eighth Amendment;

  e. Defendant Bradford for deliberate indifference to serious medical needs in violation of the Eighth Amendment for refusing to admit Plaintiff to a suicide crisis bed after Plaintiff swallowed two razor blades with the intent of killing himself; and

  f. Defendants Stanley, Arrozola, and Aguilar for unconstitutional conditions of confinement in violation of the Eighth Amendment.

* * *

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __October 10, 2023__        /s/ *Barbara A. McAuliffe*
                                                            UNITED STATES MAGISTRATE JUDGE