# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARKEEN EVANS,<br><br>             Plaintiff,<br><br>   v.<br><br>DIAZ, *et al.*,<br><br>            Defendants. | Case No. 1:22-cv-00291-ADA-BAM (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT REED FOR FAILURE TO COMPLETE SERVICE OF PROCESS<br>(ECF No. 49)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE ESTATE IN PLACE OF DECEASED AS PREMATURE<br>(ECF No. 46)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME<br>(ECF No. 51)<br><br>ORDER GRANTING IN PART REQUEST FOR PERSONAL SERVICE BY UNITED STATES MARSHAL<br>(ECF No. 50)<br><br>ORDER DIRECTING PLAINTIFF TO FILE NOTICE OF SUGGESTION OF DEATH PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25(a)(1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff David Arkeen Evans ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against: (1) Defendants E. Diaz and Ramirez for excessive force in violation of the Eighth Amendment for spraying Plaintiff with OC spray; (2) Defendant Reed for excessive force in violation of the Eighth Amendment for ramming Plaintiff with his riot shield and pinning Plaintiff to a desk; (3) Defendants E. Diaz and Ramirez for excessive force in violation of the

Eighth Amendment for applying excessively tight ankle restraints and dragging Plaintiff by the chain of the shackles into the hallway; (4) Defendants Martin, E. Diaz, Ramirez, and Marin for excessive force in violation of the Eighth Amendment for beating Plaintiff with batons in the hallway; (5) Defendants A. Aguilar and E. Figueroa for failure to intervene in violation of the Eighth Amendment; (6) Defendant Bradford for deliberate indifference to serious medical needs in violation of the Eighth Amendment for refusing to admit Plaintiff to a suicide crisis bed after Plaintiff swallowed two razor blades with the intent of killing himself; and (8) Defendants Stanley, Arrozola, and Aguilar for unconstitutional conditions of confinement in violation of the Eighth Amendment.

**I.      Background**

On April 10, 2023, the Court received information from the United States Marshals Service that Defendant Anthony Reed died in 2021 from complications related to COVID, and could not be served. (ECF No. 27.) In light of this information, the Court issued an order for Plaintiff to either: (1) show cause by written response why Defendant Reed should not be dismissed from this action; (2) file a notice of suggestion of death of Defendant Reed, including either a proof of service on the appropriate parties and nonparty successors or representatives of Defendant Reed (or a request for service by the United States Marshals Service); or (3) file a notice that he wishes to voluntarily dismiss Defendant Reed from this action. (ECF No. 38.) Plaintiff was also provided with the requirements for filing a notice of suggestion of death pursuant to Federal Rule of Civil Procedure 25(a)(1). (*Id.* at 3–4.)

On July 6, 2023, Plaintiff filed a notice of suggestion of death indicating his belief that he provided the proper information to locate and serve Defendant Reed. (ECF No. 39.) The Court issued an order indicating that the notice was improper because it was not served on Defendant Reed's nonparty successor(s) or representative(s) as required, and again provided the requirements for filing a notice of suggestion of death pursuant to Rule 25(a)(1). (ECF No. 40.) The Court order further notified the parties that the ninety-day period for substitution had not yet been triggered and extended the deadline for Plaintiff to respond to the order to show cause. Plaintiff was warned that his failure to respond to this order or failure to show cause would result

in the dismissal of Defendant Reed from this action due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).  (*Id.*)

On September 25, 2023, Plaintiff filed a motion to substitute estate in place of deceased, (ECF No. 46), together with a response to the order to show cause, (ECF No. 47).  Counsel for the remaining defendants filed a declaration in response to Plaintiff's filings on September 29, 2023.  (ECF No. 48.)  Finding that none of the parties had satisfied the requirements of Rule 25(a)(1) for filing a notice of suggestion of death or identified Defendant Reed's non-party successor(s) or representative(s) and served them with the notice of suggestion of death, on October 10, 2023 the Court issued findings and recommendations that Defendant Reed be dismissed from this action, without prejudice, for failure to serve process under Rule 4(m).  (ECF No. 49.)  The parties were directed to file any objections within fourteen (14) days.  (*Id.*)

Currently before the Court are Plaintiff's objections to the findings and recommendations, motion for extension of time, and notice of change of address, all filed October 30, 2023.  (ECF Nos. 50–52.)  Defendants have not filed a response, and the deadline to do so has expired.  The motions and objections are deemed submitted.  Local Rule 230(l).

**II.     Findings and Recommendations**

In his objections to the pending findings and recommendations, Plaintiff states that he has found the last known address for Defendant Reed's wife, Mackenzie Odle (a.k.a. Mackenzie Fey Odle or Mackenzie Fey Reed), and son, Christopher Reed.  (ECF No. 50, p. 3.)  Plaintiff therefore requests that the Court reconsider the findings and recommendations and submits a motion for Marshals service on Defendant Reed's wife and son.  (*Id.* at 4.)

In light of the new information regarding the location of Defendant Reed's apparent successors, the Court finds it appropriate to vacate the pending findings and recommendations to dismiss Defendant Reed for failure to serve process.  Plaintiff's request for extension of time to respond to the findings and recommendations, (ECF No. 51), is therefore denied, as unnecessary.

**III.    Notice of Suggestion of Death and Motion to Substitute Estate**

As Plaintiff was previously informed, Federal Rule of Civil Procedure 25(a)(1) provides for the dismissal of Defendant Reed from this action if a motion for substitution is not made

3

within ninety days after service of a statement noting Reed's death. Fed. R. Civ. P. 25(a)(1). Two things are required of a party for the running of the ninety-day period to commence: a party must 1) formally suggest the death of the party on the record, and 2) serve the suggestion of death on the other parties and the nonparty successors or representatives of the deceased. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). In order for the ninety-day period for substitution to be triggered, a party must formally suggest the death of the party upon the record, Fed. R. Civ. P. 25(a)(1), and must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute, Fed. R. Civ. P. 25(a)(3). Thus, a party may be served with the suggestion of death by service on his or her attorney, Fed. R. Civ. P. 5(b), while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons. Fed. R. Civ. P. 25(a)(3); *Barlow*, 39 F.3d at 232–34. Rule 25 requires dismissal absent a motion for substitution within the ninety-day period only if the statement of death was properly served. *Unicorn Tales, Inc., v. Bannerjee*, 138 F.3d 467, 469–71 (2d Cir. 1998).

Pursuant to Rule 25, Plaintiff's September 25, 2023 motion to substitute estate in place of deceased, (ECF No. 46), is premature, as there has not yet been a notice of suggestion of death filed and personally served on Defendant Reed's nonparty successor(s) or representative(s) as required. Therefore, the ninety-day period for filing a motion for substitution has not been triggered. Accordingly, Plaintiff's motion to substitute is denied as premature.

However, now that Plaintiff has provided additional information that would enable the United States Marshal to properly serve Defendant Reed's nonparty successors or representatives, a notice of suggestion of death can be filed to trigger the ninety-day period for filing a motion to substitute. Plaintiff's request that the notice of suggestion of death be personally served on Defendant Reed's nonparty successors or representatives, by the United States Marshal, (ECF No. 50), is granted in part, as <u>Plaintiff must first file a notice of suggestion of death of Defendant Reed</u>. Once filed with the Court, the Court will direct the United States Marshal to personally serve the notice on Mackenzie Fey Odle (Mackenzie Fey Reed) and Christopher Reed. Only after

the notice is personally served on Defendant Reed's successors will the ninety-day period for the filing of a motion to substitute begin to run. Any motion to substitute, filed by any party, <u>must also be personally served on Defendant Reed's nonparty successors or representatives</u>.

### IV.   Order

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The findings and recommendations to dismiss Defendant Reed for failure to complete service of process, (ECF No. 49), are VACATED;
2. Plaintiff's motion to substitute estate in place of deceased, (ECF No. 46), is DENIED, as premature;
3. Plaintiff's motion for extension of time to respond to findings and recommendations, (ECF No. 51), is DENIED, as unnecessary;
4. Plaintiff's request for personal service by United States Marshal, (ECF No. 50), is GRANTED IN PART, as discussed above;
5. Within **thirty (30) days** from the date of service of this order, Plaintiff SHALL file a notice of suggestion of death of Defendant Reed;
6. This order does not preclude the filing of a notice of suggestion of death by any other party before the expiration of the deadline; and
7. **Plaintiff's failure to respond to this order will result in the dismissal of Defendant Reed from this action, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).**

IT IS SO ORDERED.

Dated:   **November 29, 2023**         /s/ Barbara A. McAuliffe
                                                           UNITED STATES MAGISTRATE JUDGE