# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARKEEN EVANS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DIAZ, *et al.*,<br><br>　　　　Defendants. | Case No. 1:22-cv-00291-KES-BAM (PC)<br><br>ORDER NOTIFYING PARTIES THAT NINETY-DAY PERIOD WITHIN WHICH TO FILE MOTION FOR SUBSTITUTION HAS BEEN TRIGGERED BY FILING OF NOTICE OF SUGGESTION OF DEATH AND PROOF OF SUFFICIENT SERVICE<br><br>(ECF Nos. 58, 59)<br><br>**Motion for Substitution Due: June 11, 2024** |

**I.　Background**

　　Plaintiff David Arkeen Evans ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against: (1) Defendants E. Diaz and Ramirez for excessive force in violation of the Eighth Amendment for spraying Plaintiff with OC spray; (2) Defendant Reed for excessive force in violation of the Eighth Amendment for ramming Plaintiff with his riot shield and pinning Plaintiff to a desk; (3) Defendants E. Diaz and Ramirez for excessive force in violation of the Eighth Amendment for applying excessively tight ankle restraints and dragging Plaintiff by the chain of the shackles into the hallway; (4) Defendants Martin, E. Diaz, Ramirez, and Marin for excessive force in violation of the Eighth Amendment for beating Plaintiff with batons in the hallway; (5) Defendants A. Aguilar and E. Figueroa for failure to intervene in violation of the

Eighth Amendment; (6) Defendant Bradford for deliberate indifference to serious medical needs in violation of the Eighth Amendment for refusing to admit Plaintiff to a suicide crisis bed after Plaintiff swallowed two razor blades with the intent of killing himself; and (8) Defendants Stanley, Arrozola, and Aguilar for unconstitutional conditions of confinement in violation of the Eighth Amendment.

On April 10, 2023, the Court received information from the United States Marshals Service ("USMS") that Defendant Anthony Reed died in 2021 from complications related to COVID.  (ECF No. 27.)  Plaintiff filed a notice of suggestion of death, including the names and last known addresses for Defendant Reed's non-party successors, Mackenzie Odle Fey and C.R., on February 23, 2024.  (ECF No. 56.)  On February 27, 2024, the Court directed the USMS to personally serve the non-party successors of Defendant Reed with Plaintiff's notice of suggestion of death.  (ECF No. 57.)

On March 8, 2024, the USMS filed USM-285 forms indicating that personal service of the notice of suggestion of death had been executed on Defendant Reed's non-party successors on March 6, 2024.  (ECF Nos. 58, 59.)  The USMS further informed the Court that one of Defendant Reed's successors is a minor.[1]

## II. Motion for Substitution

Federal Rule of Civil Procedure 25(a)(1) provides for the dismissal of Defendant Reed from this action if a motion for substitution is not made within ninety days after service of a statement noting Defendant Reed's death. Fed. R. Civ. P. 25(a)(1).  Two things are required of a party for the running of the ninety-day period to commence: a party must 1) formally suggest the death of the party on the record, and 2) serve the suggestion of death on the other parties and the nonparty successors or representatives of the deceased.  *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).  In order for the ninety-day period for substitution to be triggered, a party must formally suggest the death of the party upon the record, Fed. R. Civ. P. 25(a)(1), and must serve

---

[1] As explained in the Court's March 13, 2024 minute order, pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Rule 140(a)(i), Defendant Reed's minor non-party successor shall be identified in all future filings and orders using only the initials C.R.  (ECF No. 60.)  The Court further notes that should C.R. be substituted as a successor for Defendant Reed, the parties should be prepared to address whether appointment of a guardian *ad litem* is necessary pursuant to Local Rule 202(a).

other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute, Fed. R. Civ. P. 25(a)(3).  Thus, a party may be served with the suggestion of death by service on his or her attorney, Fed. R. Civ. P. 5(b), while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons.  Fed. R. Civ. P. 25(a)(3); *Barlow*, 39 F.3d at 232–34.  Rule 25 requires dismissal absent a motion for substitution within the ninety-day period only if the statement of death was properly served.  *Unicorn Tales, Inc., v. Bannerjee*, 138 F.3d 467, 469–71 (2d Cir. 1998).

On March 8, 2024, the USMS filed USM-285 forms indicating that personal service of the notice of suggestion of death had been executed on Defendant Reed's non-party successors on March 6, 2024.  (ECF Nos. 58, 59.)  The USMS further informed the Court that one of Defendant Reed's successors is a minor.

The USM-285 forms indicate that personal service of Plaintiff's notice of suggestion of death was executed on Mackenzie Odle Fey and C.R. on March 6, 2024, and the USM-285 forms were filed with the Court on March 8, 2024.  <u>However, as it appears Plaintiff was not served with notice that personal service had been executed, the Court finds that the ninety-day period for filing a motion for substitution of Defendant Reed was not triggered until the date of service of the Court's March 13, 2024 minute order, (ECF No. 60).</u>

Accordingly, any motion for substitution (filed by any party), must be filed within ninety (90) days from the date of service of the Court's March 13, 2024 minute order, or June 11, 2024.  **Further, any motion for substitution shall be supported by briefing and adequate supporting documentation for the Court to determine and verify that the identified individuals are the proper successor(s) or representative(s) under applicable probate or intestate succession law**.[2]

---

[2] Under California law, a cause of action against a decedent that survives may be asserted against the decedent's personal representative or, to the extent provided by statute, against the decedent's successor in interest.  Cal. Civ. Proc. Code § 377.40.  A decedent's successor in interest is defined as "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action."  Cal. Civ. Proc. Code § 377.11.  Section 377.10 defines the term "beneficiary of the decedent's estate."

As with the notice of suggestion of death, any motion for substitution must be served on the non-party successors or representatives of Defendant Reed as required by Federal Rule of Civil Procedure 4, by personal service. Fed. R. Civ. P. 25(a)(3). The Court notes that although Plaintiff is not proceeding *in forma pauperis* in this action, he may again file a request for a court order that personal service be made by the United States Marshals Service pursuant to Federal Rule of Civil Procedure 4(c)(3).

### III.    Order

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. The parties are NOTIFIED that the ninety-day period for substitution of Defendant Reed pursuant to Rule 25(a)(1) has been triggered by Plaintiff's notice of suggestion of death and proof of service on Mackenzie Odle Fey and C.R., (ECF Nos. 56, 58, 59);

2. Any motion for substitution of Defendant Reed, made by any party, SHALL be filed and served on all parties and <u>personally served</u> on the non-party successors or representatives of Defendant Reed, on or before **June 11, 2024**; and

3. **If no motion for substitution of Defendant Reed is filed by any party, Defendant Reed will be dismissed from this action pursuant to Federal Rule of Civil Procedure 25(a)(1).**

IT IS SO ORDERED.

Dated:   **April 10, 2024**                  /s/ *Barbara A. McAuliffe*
                                                                    UNITED STATES MAGISTRATE JUDGE

4