# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARKEEM EVANS,<br><br>      Plaintiff,<br><br>  v.<br><br>DIAZ, *et al.*,<br><br>      Defendants. | Case No. 1:22-cv-00291-KES-BAM (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE<br><br>(ECF No. 63)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

      Plaintiff David Arkeem Evans ("Plaintiff") is a former state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against: (1) Defendants E. Diaz and Ramirez for excessive force in violation of the Eighth Amendment for spraying Plaintiff with OC spray; (2) Defendant Reed for excessive force in violation of the Eighth Amendment for ramming Plaintiff with his riot shield and pinning Plaintiff to a desk; (3) Defendants E. Diaz and Ramirez for excessive force in violation of the Eighth Amendment for applying excessively tight ankle restraints and dragging Plaintiff by the chain of the shackles into the hallway; (4) Defendants Martins, E. Diaz, Ramirez, and Marin for excessive force in violation of the Eighth Amendment for beating Plaintiff with batons in the hallway; (5) Defendants A. Aguilar and E. Figueroa for failure to intervene in violation of the Eighth Amendment; (6) Defendant Bradford for deliberate indifference to serious medical needs in violation of the Eighth Amendment for refusing to admit Plaintiff to a suicide crisis bed after Plaintiff swallowed two razor blades with the intent of killing himself; and (7) Defendants Stanley, Arrozola, and Aguilar for unconstitutional conditions of confinement in violation of the Eighth Amendment.

      On May 2, 2024, Defendants E. Figueroa, D. Stanley, M. Arrozola, D. Marin, C. Ramirez, E. Diaz, J. Bradford, J. Martins, and A. Aguilar filed a motion for summary judgment on the

grounds that: (1) Plaintiff's Eighth Amendment claims of excessive force against Defendants Diaz, Ramirez, Martins, and Marin, and claim of failure to intervene against Defendants Aguilar and Figueroa, are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); and (2) Plaintiff's claim of deliberate indifference to serious medical needs against Defendant Bradford and claim of unconstitutional conditions of confinement against Defendants Stanley, Arrozola, and Aguilar are not supported by the undisputed facts. (ECF No. 63.) In the motion, Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988). (ECF No. 63-2.) Pursuant to Local Rule 230(l) and Federal Rule of Civil Procedure 6(d), Plaintiff's opposition or statement of non-opposition was due on or before May 28, 2024. On June 6, 2024, Defendants filed a notice that Plaintiff had not filed an opposition to the motion for summary judgment. (ECF No. 65.) The deadline for Plaintiff to respond to Defendants' motion for summary judgment has expired, and he has not otherwise been in contact with the Court. Plaintiff will be permitted one final opportunity to show cause why this action should not be dismissed with prejudice.

Accordingly, it is HEREBY ORDERED that Plaintiff shall show cause by WRITTEN RESPONSE within **twenty-one (21) days** of service of this order why this action should not be dismissed, with prejudice, for failure to prosecute. Plaintiff may comply with the Court's order by filing an opposition or statement of non-opposition to Defendants' May 2, 2024 motion for summary judgment. **Plaintiff is warned that if he fails to comply with the Court's order, this matter will be dismissed, with prejudice, for failure to prosecute.**

IT IS SO ORDERED.

Dated:  **June 11, 2024**              /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE