**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARKEEM EVANS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DIAZ, *et al.*,<br><br>　　　　Defendants. | Case No. 1:22-cv-00291-KES-BAM (PC)<br><br>ORDER DIRECTING DEFENDANTS TO RESPOND TO PLAINTIFF'S MOTION TO REOPEN DISCOVERY<br><br>(ECF No. 67)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff David Arkeem Evans ("Plaintiff") is a former state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against: (1) Defendants E. Diaz and Ramirez for excessive force in violation of the Eighth Amendment for spraying Plaintiff with OC spray; (2) Defendant Reed for excessive force in violation of the Eighth Amendment for ramming Plaintiff with his riot shield and pinning Plaintiff to a desk; (3) Defendants E. Diaz and Ramirez for excessive force in violation of the Eighth Amendment for applying excessively tight ankle restraints and dragging Plaintiff by the chain of the shackles into the hallway; (4) Defendants Martins, E. Diaz, Ramirez, and Marin for excessive force in violation of the Eighth Amendment for beating Plaintiff with batons in the hallway; (5) Defendants A. Aguilar and E. Figueroa for failure to intervene in violation of the Eighth Amendment; (6) Defendant Bradford for deliberate indifference to serious medical needs in violation of the Eighth Amendment for refusing to admit Plaintiff to a suicide crisis bed after

1

Plaintiff swallowed two razor blades with the intent of killing himself; and (7) Defendants Stanley, Arrozola, and Aguilar for unconstitutional conditions of confinement in violation of the Eighth Amendment.

Currently before the Court is Plaintiff's June 13, 2024 filing, docketed as a "Motion for Extension of Time." (ECF No. 67.)  In the motion, Plaintiff states that since he was paroled in August 2023, he has struggled with his mental and physical health and has been to the hospital twice and admitted to the mental ward for evaluation.  Plaintiff is also having a difficult time getting discovery from Defendants.  Plaintiff alleges that during his deposition, Defendants' counsel stated that they would exchange paperwork to save time with production of documents.  The court transcriber present at the deposition made copies of Plaintiff's papers, but when Plaintiff emailed defense counsel to request his papers, Plaintiff was denied.  Plaintiff then sent a motion for production and interrogatories, but he was again denied.  Defense counsel sent Plaintiff a copy of the Court's order setting the start and end of discovery.  Plaintiff states that he never received this order from the Court, and when it arrived to the prison Plaintiff was assigned to, Plaintiff was on suicide watch at Pelican Bay.[1]  Plaintiff states that he became aware that discovery had started once Defendants' attorney noticed Plaintiff's deposition, but he was still unaware of the cut off date.  Plaintiff requests an extension of ninety days to conduct discovery and to allow Plaintiff an opportunity to file another motion for appointment of counsel.  (*Id.*)

The request is construed as a motion to reopen discovery.  In light of Plaintiff's allegations that he did not receive the Court's June 22, 2023 discovery and scheduling order, that Defendants' counsel agreed to an exchange of documents during Plaintiff's deposition but did not later produce said documents, Defendants are directed to file a response to Plaintiff's motion.  Specifically, Defendants should address the alleged agreement to exchange documents, as well as clarify the date of Plaintiff's deposition and any subsequent discovery requests Plaintiff served on Defendants.

---

[1] The Court's June 22, 2023 discovery and scheduling order was served on Plaintiff at his then-current address of record, California State Prison, Sacramento. (ECF No. 35.)  The order was not returned to the Court as undeliverable, nor is there any indication on the docket that Plaintiff submitted a notice of change of address during this time period.

Accordingly, within **twenty-one (21) days** from the date of service of this order, Defendants are HEREBY DIRECTED to file a response to Plaintiff's motion to reopen discovery, (ECF No. 67), as discussed above.

IT IS SO ORDERED.

Dated: **June 14, 2024**          /s/ *Barbara A. McAuliffe*          
                                  UNITED STATES MAGISTRATE JUDGE

3