1

2

3

4

# UNITED STATES DISTRICT COURT

5

EASTERN DISTRICT OF CALIFORNIA

6

7   DAVID ARKEEN EVANS,

8                      Plaintiff,

9        v.

10   DIAZ, *et al.*,

11                      Defendants.

12

13

14

15

| | |
|---|---|
| | Case No.  1:22-cv-00291-KES-BAM (PC) |
| | ORDER DENYING PLAINTIFF'S MOTION FOR SUBSTITUTION OF DEFENDANT ANTHONY REED FOR FAILURE TO EFFECTUATE PERSONAL SERVICE AND FAILURE TO COMPLY WITH COURT ORDER |
| | (ECF No. 68) |
| | FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT ANTHONY REED FOR FAILURE TO SUBSTITUTE |
| | **FOURTEEN (14) DAY DEADLINE** |

16          Plaintiff David Arkeen Evans ("Plaintiff") is a state prisoner proceeding *pro se* in this

17   civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended

18   complaint against: (1) Defendants E. Diaz and Ramirez for excessive force in violation of the

19   Eighth Amendment for spraying Plaintiff with OC spray; (2) Defendant Reed for excessive force

20   in violation of the Eighth Amendment for ramming Plaintiff with his riot shield and pinning

21   Plaintiff to a desk; (3) Defendants E. Diaz and Ramirez for excessive force in violation of the

22   Eighth Amendment for applying excessively tight ankle restraints and dragging Plaintiff by the

23   chain of the shackles into the hallway; (4) Defendants Martin, E. Diaz, Ramirez, and Marin for

24   excessive force in violation of the Eighth Amendment for beating Plaintiff with batons in the

25   hallway; (5) Defendants A. Aguilar and E. Figueroa for failure to intervene in violation of the

26   Eighth Amendment; (6) Defendant Bradford for deliberate indifference to serious medical needs

27   in violation of the Eighth Amendment for refusing to admit Plaintiff to a suicide crisis bed after

28   Plaintiff swallowed two razor blades with the intent of killing himself; and (8) Defendants

1

Stanley, Arrozola, and Aguilar for unconstitutional conditions of confinement in violation of the Eighth Amendment.

## I.      Procedural Background

On April 10, 2023, the Court received information from the United States Marshals Service ("USMS") that Defendant Anthony Reed died in 2021 from complications related to COVID.  (ECF No. 27.)  Plaintiff filed a notice of suggestion of death, including the names and last known addresses for Defendant Reed's non-party successors, Mackenzie Odle Fey and C.R., on February 23, 2024.  (ECF No. 56.)  On February 27, 2024, the Court directed the USMS to personally serve the non-party successors of Defendant Reed with Plaintiff's notice of suggestion of death.  (ECF No. 57.)

On March 8, 2024, the USMS filed USM-285 forms indicating that personal service of the notice of suggestion of death had been executed on Defendant Reed's non-party successors on March 6, 2024.  (ECF Nos. 58, 59.)  The USMS further informed the Court that one of Defendant Reed's successors is a minor.[1]  The Court clarified for the parties that the ninety-day deadline for filing a motion for substitution pursuant to Federal Rule of Civil Procedure 25(a)(1) was due on or before **June 11, 2024**.  (ECF No. 62.)  The Court ordered that "<u>**any motion for substitution shall be supported by briefing and adequate supporting documentation for the Court to determine and verify that the identified individuals are the proper successor(s) or representative(s) under applicable probate or intestate succession law**</u>."  (*Id.* at 3 (emphasis in original).)  The order further clarified that any motion for substitution must be served on the non-party successors or representatives of Defendant Reed by personal service, and that Plaintiff may again file a request for a court order that personal service be made by the USMS.  (*Id.* at 4.)

## II.     Plaintiff's Motion for Substitution

Currently before the Court is Plaintiff's Motion for Substitution of Defendant Anthony Reed, signed and dated June 9, 2024, and received by the Court June 13, 2024.  (ECF No. 68.)

---

[1] As explained in the Court's March 13, 2024 minute order, pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Rule 140(a)(i), Defendant Reed's minor non-party successor shall be identified in all future filings and orders using only the initials C.R.  (ECF No. 60.)  Plaintiff did not comply with this order in filing the instant motion to substitute.  As such, the motion to substitute was sealed from public access.  (*See* ECF No. 68.)

As noted above, the motion is sealed from public access because it contains the full name of a minor, who is alleged to be one of Defendant Reed's non-party successors.  However, with the name of the minor redacted, the motion provides as follows:

> Plaintiff in the above-captioned matter, In Pro Se respectfully make this motion for an order substituting Mackenzie Odle Reed and [C.R.], beneficiary of the estate of Defendant Anthony Reed, as the real party in interest now the Defendant has passed away in this matter.

> Plaintiff respectfully request that this motion be granted and that the Court grants substitution of parties.

(ECF No. 68.)  No other information or exhibits are included with the motion.  Defendants have not yet had an opportunity to respond to Plaintiff's motion, but the Court finds a response unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

Plaintiff's motion is denied.  Plaintiff has failed to comply with the Court's order that any motion for substitution be supported by briefing and adequate supporting documentation that will allow the Court to verify that the identified individuals are the proper successor(s) or representative(s) under applicable probate or intestate succession law.  (ECF No. 62.)  Plaintiff states that Mackenzie Odle Reed and C.R. are the beneficiaries of the estate of Defendant Anthony Reed.  (ECF No. 68.)  However, Plaintiff has provided no information about how he obtained this information, nor has he provided any documents to support that these individuals are the proper successors or representatives of the estate.

Furthermore, Plaintiff has not provided any evidence that he personally served these individuals with the motion for substitution, as required by Federal Rules of Civil Procedure 25 and 4, nor has Plaintiff requested that the Court direct the USMS to conduct such service.  As Plaintiff has failed to file a motion for substitution in compliance with the Court's order or the Federal Rules of Civil Procedure, Plaintiff's motion for substitution is denied.

**III.    Dismissal of Defendant Reed**

Federal Rule of Civil Procedure 25(a)(1) provides for the dismissal of Defendant Reed from this action if a motion for substitution is not made within ninety days after service of a statement noting Defendant Reed's death.  Fed. R. Civ. P. 25(a)(1).  The ninety-day period for

substitution expired on June 11, 2024.  (*See* ECF No. 62); Fed. R. Civ. P. 25(a)(1).  As discussed above, the notice of suggestion of death was filed and properly served, but Plaintiff failed to comply with the Court's order and the Federal Rules of Civil Procedure in filing his motion for substitution.  Accordingly, the action against Defendant Reed must be dismissed.  Fed. R. Civ. P. 25(a)(1).

**IV.     Order and Recommendation**

Based on the foregoing, Plaintiff's motion for substitution of Defendant Anthony Reed, (ECF No. 68), is HEREBY DENIED, for failure to effectuate personal service and failure to comply with a Court order.

Furthermore, IT IS HEREBY RECOMMENDED that Defendant Anthony Reed be dismissed from this action for failure to substitute pursuant to Federal Rule of Civil Procedure 25.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __June 17, 2024__                    ___/s/ Barbara A. McAuliffe___
                                                  UNITED STATES MAGISTRATE JUDGE

4