# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARKEEM EVANS,<br><br>    Plaintiff,<br><br>    v.<br><br>DIAZ, *et al.*,<br><br>    Defendants. | Case No. 1:22-cv-00291-KES-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REOPEN DISCOVERY<br>(ECF No. 67)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDER<br>(ECF No. 73)<br><br>ORDER DISCHARGING JUNE 11, 2024 ORDER TO SHOW CAUSE<br>(ECF No. 66)<br><br>ORDER DENYING PLAINTIFF'S REQUESTS FOR APPOINTMENT OF COUNSEL AND FOR PROTECTION FROM CDCR, WITHOUT PREJUDICE<br>(ECF No. 74)<br><br>ORDER DIRECTING DEFENDANTS TO RE-SERVE MOTION FOR SUMMARY JUDGMENT TO PLAINTIFF'S CURRENT ADDRESS WITHIN **SEVEN (7) DAYS**<br><br>ORDER GRANTING EXTENSION OF TIME FOR PLAINTIFF TO FILE OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>**FORTY-FIVE (45) DAY DEADLINE** |

Plaintiff David Arkeem Evans ("Plaintiff") is a former state prisoner and current county jail inmate proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action

1

proceeds on Plaintiff's first amended complaint against: (1) Defendants E. Diaz and Ramirez for excessive force in violation of the Eighth Amendment for spraying Plaintiff with OC spray; (2) Defendant Reed[1] for excessive force in violation of the Eighth Amendment for ramming Plaintiff with his riot shield and pinning Plaintiff to a desk; (3) Defendants E. Diaz and Ramirez for excessive force in violation of the Eighth Amendment for applying excessively tight ankle restraints and dragging Plaintiff by the chain of the shackles into the hallway; (4) Defendants Martins, E. Diaz, Ramirez, and Marin for excessive force in violation of the Eighth Amendment for beating Plaintiff with batons in the hallway; (5) Defendants A. Aguilar and E. Figueroa for failure to intervene in violation of the Eighth Amendment; (6) Defendant Bradford for deliberate indifference to serious medical needs in violation of the Eighth Amendment for refusing to admit Plaintiff to a suicide crisis bed after Plaintiff swallowed two razor blades with the intent of killing himself; and (7) Defendants Stanley, Arrozola, and Aguilar for unconstitutional conditions of confinement in violation of the Eighth Amendment.

There are three matters currently pending: Plaintiff's motion to reopen discovery, the June 17, 2024 findings and recommendations regarding Plaintiff's failure to substitute an appropriate successor-in-interest for Defendant Reed, and the July 22, 2024 findings and recommendations regarding Plaintiff's failure to oppose Defendants' motion for summary judgment. On August 1, 2024, Plaintiff filed a notice of change of address, together with objections to both pending findings and recommendations, a request to be placed in witness protection, and a request for appointment of counsel. (ECF No. 74.)  The Court will address each matter in turn, as well as the additional issues raised in Plaintiff's filing.

**I.   Plaintiff's Motion to Reopen Discovery**

On June 13, 2024, Plaintiff filed a motion for extension of time, which the Court construed as a motion to reopen discovery. (ECF Nos. 67, 69.) Defendants filed an opposition on July 5, 2024. (ECF No. 71.) Plaintiff did not file a reply brief, and the deadline to do so has expired. The motion is deemed submitted. Local Rule 230(l).

---

[1] On June 17, 2024, the undersigned issued findings and recommendations to dismiss Defendant Reed due to Plaintiff's failure to substitute. (ECF No. 70.) Those findings and recommendations remain pending, as discussed further herein.

In his motion, Plaintiff alleges that since he was paroled in August 2023, he has struggled with his mental and physical health and has been to the hospital twice and admitted to the mental ward for evaluation. (ECF No. 67.) Plaintiff further alleges that during his deposition, the parties agreed to an exchange of paperwork to save time with production of documents. The court transcriber present at the deposition made copies of Plaintiff's papers, but when Plaintiff emailed defense counsel to request his papers, Plaintiff was denied. Plaintiff then sent a motion for production and interrogatories, but defense counsel denied his request and sent Plaintiff a copy of the Court's order setting the start and end of discovery. Plaintiff states that he had never received this order from the Court, and that he became aware that discovery had started once defense counsel noticed Plaintiff's deposition, but he was still unaware of the cut off date. Plaintiff states that he noticed when the order arrived at the prison Plaintiff was assigned to (California State Prison – Sacramento), Plaintiff was on suicide watch in Pelican Bay. Plaintiff therefore requests an extension of ninety days to conduct discovery and to allow Plaintiff an opportunity to file another motion for appointment of counsel. (*Id.*)

Defendants oppose the request, clarifying that Plaintiff's deposition was taken on January 10, 2024, with defense counsel appearing remotely. (ECF No. 71.) During the deposition, Plaintiff presented numerous documents identified as exhibits to the Complaint, which were never attached to the Complaint. Plaintiff was waiting to produce them until he received a Request for Production of Documents. Defense counsel told Plaintiff Defendants could make a formal Request for Production of Documents, but was going to attach them to the deposition transcript as Exhibit D to the deposition. Plaintiff then indicated he would send a Request for Production of Documents to Defendants on Monday, January 15, 2024. Defendants ultimately decided not to make a formal Request for Production of Documents because the documents had already been attached to the deposition transcript and any discovery request would have been past the deadline. Plaintiff served a Request for Production of Documents on February 20, 2024, which was received by Defendants on February 26, 2024. Defendants objected to the discovery request on March 26, 2024, on the basis that it was more than a month past the discovery cutoff. The objections referenced the Court's Discovery and Scheduling Order, but did not attach a copy. On

1  February 23, 2024, Plaintiff emailed Defendants asking for a copy of Defendant Martins' medical
2  records.  Defendants replied to the email indicating they could not produce the records in
3  response to an informal request, and indicating the discovery cutoff had passed.  (*Id.*)

4        **A.**      **Legal Standard**

5        Districts courts must enter scheduling orders in actions to "limit the time to join other
6  parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3).  A
7  scheduling order "may be modified only for good cause and with the judge's consent." Fed. R.
8  Civ. P. 16(b)(4).

9        The "good cause" standard "primarily considers the diligence of the party seeking the
10 amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  To
11 establish good cause, the party seeking the modification of a scheduling order must generally
12 show that even with the exercise of due diligence, they cannot meet the requirement of that order.
13 *Id.*  The prejudice to other parties, if any, may be considered, but the focus is on the moving
14 party's reason for seeking the modification.  *Id.*  If the party seeking to amend the scheduling
15 order fails to show due diligence, the inquiry should end and the court should not grant the
16 motion to modify.  *Zivkovic v. So. Cal. Edison, Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing
17 *Johnson*, 975 F.2d at 609).  "Moreover, carelessness is not compatible with a finding of diligence
18 and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

19       **B.**      **Discussion**

20       Plaintiff has failed to present good cause for the request to reopen discovery.  Plaintiff
21 states that he did not receive the Court's June 22, 2023 Discovery and Scheduling Order and was
22 not aware that discovery had started until he received Defendants' noticed his January 10, 2024
23 deposition.  However, the Discovery and Scheduling Order was mailed to Plaintiff's then-current
24 address of record and was never returned, and there is no other indication on the docket that
25 Plaintiff did not receive the Court's Order.  Although Plaintiff states that at that time he was
26 housed in Pelican Bay on suicide watch, he did not update his address either during his time at
27 Pelican Bay or notify the Court after he returned to his original institution.[2]

28 [2] Pursuant to Local Rule 182(f), Plaintiff had a "continuing duty to notify the Clerk and all other parties of any

Even assuming Plaintiff did not receive the order, the Court referred to the Discovery and Scheduling Order in other orders that Plaintiff apparently received. (*See, e.g.*, ECF No. 34 (June 22, 2023 Order Directing Clerk of Court to Issue Discovery and Scheduling Order); ECF No. 44 (July 24, 2023 Order Extending Application of June 22, 2023 Discovery and Scheduling Order to Defendant Bradford).) At no time did Plaintiff inform the Court that he had not received the Discovery and Scheduling Order referred to in those orders.

In addition, Plaintiff received notice of his deposition at least as early as December 18, 2023, when defense counsel emailed him a copy of the notice. (ECF No. 71-1, p. 16.) According to Plaintiff, it was then that he first realized discovery in this action had started, even though he did not know the cut off date. (ECF No. 67, p. 2.) Plaintiff was then deposed on January 10, 2024. Nevertheless, Plaintiff did not serve discovery requests on Defendants until February 20, 2024, two days before the discovery deadline. Plaintiff did not ask the Court for further clarification of the discovery deadlines, or an extension of the discovery deadline, until he filed the instant June 13, 2024 motion.

Based on the above, the Court does not find that Plaintiff exercised due diligence in pursuing discovery in this action. Plaintiff had multiple opportunities to inform the Court that he had not received the Discovery and Scheduling Order, or to submit discovery requests to Defendants before the close of discovery, and he failed to do so. Further, to the extent Plaintiff is objecting to Defendants' failure to voluntarily exchange discovery documents with him, there is no indication that such an agreement was ever made between the parties, and Plaintiff has not explained why he waited until a month after his deposition to serve his discovery requests on Defendants. Plaintiff's motion to reopen discovery is therefore denied.

**II.     Plaintiff's Objections and Other Requests for Relief**

On August 1, 2024, Plaintiff filed a notice of change of address that included his objections to the pending findings and recommendations, a request for protection from CDCR, and a request for appointment of counsel. (ECF No. 74.)

---

change of address," and "[a]bsent such notice, service of documents at the prior address of the . . . pro se party shall be fully effective."

5

Plaintiff states that while in custody and on the street, he received mental health care for severe depression, anxiety, PTSD, and gender dysphoria. While on parole, Plaintiff has been stalked by CDCR officers in an attempt to silence and dismiss this civil matter. While being followed, trucks and cars with blue line flags on them would attempt to run Plaintiff off the road. Plaintiff went to the FBI in San Francisco to report the stalking and to request witness protection, but was threatened with the mental hospital for the third time. Plaintiff was involuntarily placed in the mental ward at General Hospital and UCSF hospital in June 2024. Plaintiff tried to obtain these medical records but was denied.

Plaintiff lost his employment in February 2024. Plaintiff became homeless in May 2024 and was sleeping in his car. The mailing address on file would either delay Plaintiff's mail or he would receive no mail at all. Plaintiff's responses to the Court regarding substitution of Defendant Reed were sent from FedEx in San Jose, however, those seem to have been intercepted. When Plaintiff went to the SF Public Library, people watched what he worked on. When he was at the Public Legal Law Library on Market St., Plaintiff was afforded 1 hour and could not complete his work.

Plaintiff began to hear voices as his depression worsened. Plaintiff spoke with a clinical social worker in the Parole Department, Lori Umueto, who saw Plaintiff almost weekly. The voices Plaintiff heard told Plaintiff since the Court denied him counsel, he had no choice but to steal to get counsel himself because mentally it was not possible for Plaintiff alone. The Attorney General has not given Plaintiff any discovery and lied to Plaintiff about a document swap. Plaintiff was also placed in jail for 7 days on suspicion of DUI, but all charges were dropped.

Plaintiff has every intention to prosecute this civil case, but because of the threats on his life to dismiss this case and not include Defendant Reed's successors, and Plaintiff's mental health deteriorating, it has been a challenge and Plaintiff needs help. Plaintiff was pulled over in San Jose, where "officers" shuffled Plaintiff's civil case and exhibits by throwing everything around his car. They claim they were searching because Plaintiff was on parole, however, all they did was bother Plaintiff's civil case folder. Now Plaintiff's whole case, exhibits, documents, witness statements, dates and proof of services has been lost, as his vehicle was towed with

everything he owned inside. Plaintiff was charged a $1,200 storage fee even though no charges were filed. Unable to afford the fee or obtain counsel, Plaintiff heard voices telling him to steal so that he could get his car and belongings, legal case, and a lawyer's help.

For these reasons, Plaintiff asks that his case not be dismissed. Plaintiff is currently incarcerated in Napa County Jail for stealing to pay for legal help in this matter. Plaintiff is not getting supplies in Napa County Detention Center, as staff say Plaintiff is not pro se in the criminal case that has him locked up. Plaintiff asks the Court to reconsider the findings and recommendations and appointment of counsel due to Plaintiff's mental health deteriorating and schizophrenia episodes. Plaintiff asks that his case not be dismissed, to protect Plaintiff from harm by officers by placing Plaintiff in witness protection, to appoint counsel because Plaintiff's files have been lost, and to substitute Defendant Reed. (*Id.*)

Defendants have not yet had an opportunity to file a response to Plaintiff's filing, but the Court finds a response unnecessary. Plaintiff's objections and various requests for relief are addressed below.

**A.     Defendants' Motion for Summary Judgment**

On May 2, 2024, Defendants E. Figueroa, D. Stanley, M. Arrozola, D. Marin, C. Ramirez, E. Diaz, J. Bradford, J. Martins, and A. Aguilar filed a motion for summary judgment on the grounds that: (1) Plaintiff's Eighth Amendment claims of excessive force against Defendants Diaz, Ramirez, Martins, and Marin, and claim of failure to intervene against Defendants Aguilar and Figueroa, are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); and (2) Plaintiff's claim of deliberate indifference to serious medical needs against Defendant Bradford and claim of unconstitutional conditions of confinement against Defendants Stanley, Arrozola, and Aguilar are not supported by the undisputed facts. (ECF No. 63.) Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988). (ECF No. 63-2.) Plaintiff's opposition was therefore due on or before May 28, 2024.

///

1       On June 11, 2024, the Court ordered Plaintiff to show cause within twenty-one (21) days
2  why this action should not be dismissed, with prejudice, for Plaintiff's failure to prosecute. (ECF
3  No. 66.) Plaintiff was provided the opportunity to comply with the Court's order by filing an
4  opposition or statement of non-opposition to the motion for summary judgment. Plaintiff was
5  warned that failure to comply with the Court's order would result in dismissal of this matter, with
6  prejudice, for failure to prosecute. (*Id.*) Following Plaintiff's failure to communicate with the
7  Court regarding the motion for summary judgment, on July 22, 2024, the Court issued findings
8  and recommendations recommending dismissal of this action, with prejudice, for failure to
9  prosecute and failure to obey a Court order due to Plaintiff's failure to file an opposition to the
10  motion for summary judgment. (ECF No. 73.)

11      Plaintiff states that he became homeless in May 2024, around the time when he would
12  have received Defendants' May 2, 2024 motion for summary judgment. In addition to Plaintiff's
13  difficulties receiving his mail during this period of time, it appears due to Plaintiff's current
14  incarceration he no longer has access to his legal paperwork for this matter in order to submit an
15  opposition to the summary judgment motion. Accordingly, the Court finds it appropriate to
16  discharge the June 11, 2024 order for Plaintiff to show cause why this action should not be
17  dismissed for failure to prosecute, and to vacate the July 22, 2024 findings and recommendations
18  recommending dismissal of this action due to Plaintiff's failure to file an opposition to
19  Defendants' motion for summary judgment. (ECF Nos. 66, 73.)

20      Plaintiff will be permitted another opportunity to file an opposition or statement of non-
21  opposition to Defendants' motion for summary judgment. Defendants shall serve a courtesy copy
22  of the motion for summary judgment, including all attachments to the original motion, on
23  Plaintiff at his current address of record.

24      **Plaintiff is reminded that it is his responsibility to update the Court with his current**
25  **mailing address if he is transferred to another institution or released from custody, and it is**
26  **Plaintiff's responsibility to provide the Court with an address that where Plaintiff can**
27  **reliably receive mail**.
28  ///

### B. Substitution of Defendant Reed

In his August 1, 2024 filing, Plaintiff appears to renew his request to substitute Mackenzie Reed and C.R. as Defendant Anthony Reed's successors in this action.[3] (ECF No. 74, p. 2.) However, Plaintiff has again failed to comply with the Court's order that any motion for substitution be supported by briefing and adequate supporting documentation that will allow the Court to verify that the identified individuals are the proper successor(s) or representative(s) under applicable probate or intestate succession law. (ECF No. 62.) Plaintiff's request is therefore denied.

To the extent Plaintiff's filing was intended as objections to the June 17, 2024 findings and recommendations to dismiss Defendant Anthony Reed for failure to substitute, those findings and recommendations remain pending before the District Judge. (ECF No. 70.)

### C. Plaintiff's Motion to Appoint Counsel

Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

///

---

[3] As explained in the Court's March 13, 2024 minute order, pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Rule 140(a)(i), Defendant Reed's minor non-party successor shall be identified in all future filings and orders using only the initials C.R. (ECF No. 60.) Plaintiff did not comply with this order in filing the instant motion to substitute. As such, the August 1, 2024 filing was sealed from public access. (*See* ECF No. 74.)

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners suffering from mental health conditions who must litigate their cases without the assistance of counsel and with limited access to legal resources.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although Plaintiff's complaint was found to state a cognizable claim, this does not mean there is a likelihood of success on the merits. Defendants have filed a motion for summary judgment which may dispose of the case entirely. Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claim.

### D.  Plaintiff's Request for Protection from CDCR

Plaintiff also requests placement in witness protection to protect him from harm by officers. To the extent Plaintiff is requesting preliminary injunctive relief, this request is denied because the Court does not have the ability to place Plaintiff in a witness protection program. The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). Plaintiff's request is denied, without prejudice.

### III.  Order

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to reopen discovery, (ECF No. 67), is DENIED;
2. The findings and recommendations issued on July 22, 2024, (ECF No. 73), are VACATED;
3. The June 11, 2024 order to show cause, (ECF No. 66), is DISCHARGED;
4. Plaintiff's requests for appointment of counsel and for protection from CDCR, (ECF No. 74), are DENIED, without prejudice;

///

5. Within **seven (7) days** from the date of service of this order, Defendants are DIRECTED to re-serve a courtesy copy of the May 2, 2024 motion for summary judgment, (ECF No. 63), including all attachments to the original motion, to Plaintiff's current address of record;

6. Plaintiff's opposition to Defendants' motion for summary judgment is due within **forty-five (45) days** from the date of service of this order; and

7. **Plaintiff's failure to file an opposition in compliance with this order will result in dismissal of this action, with prejudice, for failure to prosecute.**

IT IS SO ORDERED.

Dated:   **August 15, 2024**          /s/ *Barbara A. McAuliffe*       
UNITED STATES MAGISTRATE JUDGE