# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARKEEM EVANS, | Case No. 1:22-cv-00291-KES-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR COURT TO ORDER DEFENDANT TO PROVIDE REQUESTED DOCUMENT |
| v. | |
| DIAZ, *et al.*, | (ECF No. 77) |
| Defendants. | **Plaintiff's Opposition to Motion for Summary Judgment Due: October 3, 2024** |

Plaintiff David Arkeem Evans ("Plaintiff") is a former state prisoner and current county jail inmate proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against: (1) Defendants E. Diaz and Ramirez for excessive force in violation of the Eighth Amendment for spraying Plaintiff with OC spray; (2) Defendants E. Diaz and Ramirez for excessive force in violation of the Eighth Amendment for applying excessively tight ankle restraints and dragging Plaintiff by the chain of the shackles into the hallway; (3) Defendants Martins, E. Diaz, Ramirez, and Marin for excessive force in violation of the Eighth Amendment for beating Plaintiff with batons in the hallway; (4) Defendants A. Aguilar and E. Figueroa for failure to intervene in violation of the Eighth Amendment; (5) Defendant Bradford for deliberate indifference to serious medical needs in violation of the Eighth Amendment for refusing to admit Plaintiff to a suicide crisis bed after Plaintiff swallowed two razor blades with the intent of killing himself; and (6) Defendants Stanley, Arrozola, and

1 Aguilar for unconstitutional conditions of confinement in violation of the Eighth Amendment.

2 On May 2, 2024, Defendants filed a motion for summary judgment on the grounds that: (1) Plaintiff's Eighth Amendment claims of excessive force against Defendants Diaz, Ramirez, Martins, and Marin, and claim of failure to intervene against Defendants Aguilar and Figueroa, are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); and (2) Plaintiff's claim of deliberate indifference to serious medical needs against Defendant Bradford and claim of unconstitutional conditions of confinement against Defendants Stanley, Arrozola, and Aguilar are not supported by the undisputed facts.  (ECF No. 63.)  Following Plaintiff's most recent notice of change of address indicating his recent re-incarceration in county jail, Plaintiff's opposition to the motion for summary judgment is currently due on or before October 3, 2024.  (ECF No. 75.)

Currently before the Court is Plaintiff's motion for Court to order Defendant to provide requested document, filed August 28, 2024.  (ECF No. 77.)  Counsel for Defendants filed a declaration in response on September 6, 2024.  (ECF No. 78.)  Although Plaintiff has not yet had the opportunity to file a reply brief, the Court finds a further response unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

In his motion, Plaintiff requests a court order directing Defendants to send him a copy of all exhibits Plaintiff provided during his January 10, 2024 deposition, as well as a full copy of the deposition transcript.  (ECF No. 77.)  Plaintiff also separately wrote to defense counsel requesting these documents.  Plaintiff states that he is requesting these documents so that he can properly respond to the motion for summary judgment, as his copies were stolen when his car was towed.  The emailed copy of the deposition Plaintiff previously received was encrypted.  (*Id.*)

In response, Defendants filed a declaration of counsel, in which defense counsel confirms that he received Plaintiff's request, and on September 6, 2024 provided Plaintiff with courtesy copies of all deposition exhibits.  (ECF No. 78.)  Counsel advised Plaintiff, however, that he could not provide a copy of the deposition transcript if Plaintiff did not purchase one.  (*Id.*)

As Defendants have already sent courtesy copies of all deposition exhibits, this portion of Plaintiff's request is denied, as moot.

///

Plaintiff's request for Defendants to provide a copy of the complete deposition transcript is also denied. As Defendants noted, *pro se* plaintiffs must pay for a copy of any deposition transcript before receiving it. Fed. R. Civ. P. 30(f)(3). Plaintiff was previously informed that he would be responsible for this litigation cost in the Court's March 11, 2022 First Informational Order. (ECF No. 5, p. 7.)

If Plaintiff wishes to obtain a complete copy of his deposition transcript, he may contact the court reporter directly to purchase one. Contact information for the court reporter is included in the excerpts Plaintiff's deposition transcript attached as an exhibit in support of Defendants' motion for summary judgment. (ECF No. 63-4, pp. 3–12.)

Accordingly, Plaintiff's motion for Court to order Defendant to provide requested document, (ECF No. 77), is HEREBY DENIED. Plaintiff's opposition to Defendants' motion for summary judgment remains due on or before **October 3, 2024**.

IT IS SO ORDERED.

Dated: **September 7, 2024**             /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE

3