# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARKEEM EVANS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DIAZ, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:22-cv-00291-KES-BAM (PC)<br><br>ORDER STRIKING PLAINTIFF'S SUPPLEMENTAL DISPUTES AND SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AS IMPROPER SURREPLIES<br><br>(ECF Nos. 84, 85) |

　　　　Plaintiff David Arkeem Evans ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against (1) Defendants E. Diaz and Ramirez for excessive force in violation of the Eighth Amendment for spraying Plaintiff with OC spray; (2) Defendants E. Diaz and Ramirez for excessive force in violation of the Eighth Amendment for applying excessively tight ankle restraints and dragging Plaintiff by the chain of the shackles into the hallway; (3) Defendants Martins, E. Diaz, Ramirez, and Marin for excessive force in violation of the Eighth Amendment for beating Plaintiff with batons in the hallway; (4) Defendants A. Aguilar and E. Figueroa for failure to intervene in violation of the Eighth Amendment; (5) Defendant Bradford for deliberate indifference to serious medical needs in violation of the Eighth Amendment for refusing to admit Plaintiff to a suicide crisis bed after Plaintiff swallowed two razor blades with the intent of killing himself; and (6) Defendants Stanley, Arrozola, and Aguilar

for unconstitutional conditions of confinement in violation of the Eighth Amendment.

On May 2, 2024, Defendants filed a motion for summary judgment on the grounds that: (1) Plaintiff's Eighth Amendment claims of excessive force against Defendants Diaz, Ramirez, Martins, and Marin, and claim of failure to intervene against Defendants Aguilar and Figueroa, are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); and (2) Plaintiff's claim of deliberate indifference to serious medical needs against Defendant Bradford and claim of unconstitutional conditions of confinement against Defendants Stanley, Arrozola, and Aguilar are not supported by the undisputed facts. (ECF No. 63.) Following resolution of a discovery dispute and subsequent extension of time, Plaintiff filed his opposition to the motion for summary judgment on October 4, 2024. (ECF No. 80.) Defendants filed their reply brief on October 18, 2024. (ECF No. 81.) With the filing of Plaintiff's opposition and Defendants' reply, the motion for summary judgment is fully briefed and pending before the Court. Local Rule 230(l).

On February 12, 2025, Plaintiff submitted "Supplemental Disputes" and a "Supplemental Brief in Opposition to Defendants' Summary Judgment Motion." (ECF Nos. 84, 85.) The Court construes this filing as surreplies.

Neither the Federal Rules of Civil Procedure nor the Local Rules contemplate the filing of a surreply. *See* Local Rule 230(l). No further briefing on Defendants' motion for summary judgment is permitted absent leave of Court. The Court did not grant Plaintiff leave to file any surreply and the Court does not desire any further briefing on the motion.

Accordingly, Plaintiff's surreplies, (ECF Nos. 84, 85), are HEREBY STRICKEN from the record and Defendants' motion for summary judgment will be addressed in due course.

IT IS SO ORDERED.

Dated: **February 18, 2025**          /s/ *Barbara A. McAuliffe*
                                           UNITED STATES MAGISTRATE JUDGE