# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARKEEM EVANS,<br><br>  Plaintiff,<br><br>  v.<br><br>DIAZ, *et al.*,<br><br>  Defendants. | Case No. 1:22-cv-00291-KES-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 94) |

Plaintiff David Arkeen Evans ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed September 4, 2025. (ECF No. 94.) Plaintiff asserts that because the Court has issued findings and recommendations that recommended Defendants' motion for summary judgment be denied, except for Defendant Bradford, this matter "is now ripe for a jury trial and should so be set." (*Id.* at 1.) Plaintiff argues that due to ongoing security issues at the prison where he is housed, the inmate law library "is routinely closed without prior notice making it difficult if not impossible for Plaintiff to research and prepare for a complex trial that is expected to last over 10 days." (*Id.* at 1-2.) He further states that during the thirty days preceding this motion, he has made a good faith effort to contact, by mail and by phone call, local civil attorneys specializing in civil rights violations without any having replied or offered representation. (*Id.* at 2.) Plaintiff states that he

is a layman and has a limited understanding of the law, and practice and procedure. Plaintiff asserts that given the recent issuance of the findings and recommendations in this matter, he fears his inexperience with the prosecution of this case in federal court "will cause him to suffer unnecessarily deprivation of his rights as litigant and will cause the trial to be unnecessarily with the predictable interruptions his inexperience is sure to cause." (*Id.*)

As Plaintiff was previously informed, he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but it does not find the required exceptional circumstances. Plaintiff's case is not exceptional. This Court is faced with similar cases filed by prisoners proceeding *pro se* with no legal experience and limited access to legal research materials almost daily. These prisoners also must make complex legal arguments and prosecute claims without the assistance of counsel, including at trial. Moreover, the findings and recommendations regarding Defendants' motion for summary judgment currently remain pending, and no trial has been set in this action.

Furthermore, the filing fee has been paid, and Plaintiff is not proceeding *in forma pauperis* in this action. The Court is not aware of any authority that would allow the appointment of counsel for a litigant in a civil action who is not proceeding *in forma pauperis*.

Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. As demonstrated in the instant motion, Plaintiff is able to prepare and file documents clearly setting forth his contentions, without assistance from counsel or an interpreter. Indeed, given the advanced stage of this action, it is evident that Plaintiff is able to articulate his claims in light of the complexity of the legal issues involved.

For the foregoing reasons, Plaintiff's motion for appointment of counsel, (ECF No. 94), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **September 5, 2025**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

3