UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARKEEM EVANS,<br>Plaintiff,<br>v.<br>DIAZ, et al.,<br>Defendants. | No. 1:22-cv-00291-KES-FJS (PC)<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(Docs. 63, 91) |

Plaintiff David Arkeem Evans is a state prisoner proceeding pro se in this civil rights action filed under 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 2, 2024, defendants filed a motion for summary judgment. Doc. 63. After receiving an extension of time, plaintiff filed an opposition to the motion for summary judgment. Doc. 80. On August 5, 2025, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion for summary judgment be granted in part and denied in part as follows: (a) defendants' motion for summary judgment be granted as to plaintiff's claim against defendant Bradford for deliberate indifference to serious medical needs in violation of the Eighth Amendment; and (b) defendants' motion for summary judgment otherwise be denied. Doc. 91.

The findings and recommendations further recommended that defendant Bradford be

dismissed from this action and that this action proceed on plaintiff's first amended complaint against: (1) defendants E. Diaz and Ramirez for excessive force in violation of the Eighth Amendment for spraying plaintiff with OC spray; (2) defendants E. Diaz and Ramirez for excessive force in violation of the Eighth Amendment for applying excessively tight ankle restraints and dragging plaintiff by the chain of the shackles into the hallway; (3) defendants Martins, E. Diaz, Ramirez, and Marin for excessive force in violation of the Eighth Amendment for beating plaintiff with batons in the hallway; (4) defendants A. Aguilar and E. Figueroa for failure to intervene in violation of the Eighth Amendment; and (5) defendants Stanley, Arrozola, and Aguilar for unconstitutional conditions of confinement in violation of the Eighth Amendment. *Id.* The findings and recommendations were served on the parties and notified the parties that any objections to the findings and recommendations were to be filed within fourteen (14) days after service. *Id.* at 24. Defendants filed objections on August 19, 2025. Doc. 92. Plaintiff filed objections on September 4, 2025, in which he appeared to indicate that he had not received the findings and recommendations. Doc. 93. On September 22, 2025, the court directed the Clerk of the Court to re-serve the findings and recommendations on plaintiff. Doc. 96. The court informed plaintiff that he could file additional written objections to the findings and recommendations within fourteen (14) days of re-service. *Id.* Plaintiff did not file further written objections, and the time to do so has expired.

In accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case. In their objections, defendants argue that plaintiff's causes of action for excessive force are barred by *Heck v. Humphrey* because the events at issue form a "singular incident" and plaintiff pleaded no contest to the criminal charge of using force or violence to resist an officer causing great bodily harm. Doc. 92 at 2–3. "To decide whether success on a section 1983 claim would *necessarily* imply the invalidity of a conviction, [the court] must determine which acts formed the basis for the conviction." *Lemos v. Cnty. of Sonoma*, 40 F.4th 1002, 1006 (9th Cir. 2022). Although defendants point to the incident report and information as containing the basis for the criminal charges against plaintiff, defendants fail to provide documentation showing the factual basis to which plaintiff pleaded. *See id.* at 1007 (error for district court to find that claims

were *Heck* barred where the jury instructions in the criminal case allowed the jury to find plaintiff guilty based on any of the four acts she committed in the course of her interaction with the police officer). The magistrate judge correctly reasoned that plaintiff's complaint details various instances that could separately raise a claim for excessive force, including the alleged use of pepper spray while plaintiff was still restrained in his cell and had not used force or violence to resist any officer, and alleged excessive force after defendants had obtained control over plaintiff. Defendants have not met their burden to show that plaintiff's no contest plea necessarily bars his excessive force claims.

In his objections, plaintiff argues that the magistrate judge erred in recommending that defendant Bradford be dismissed because Bradford knew that plaintiff had swallowed razor blades but refused to adequately treat plaintiff. Doc. 93 at 2–3. As the magistrate judge correctly noted, after plaintiff swallowed the razor blades, plaintiff was transferred to an outside hospital to receive treatment and he spoke with Bradford while that transfer was underway. Doc. 91 at 11, 20. But plaintiff then refused treatment and x-rays at the outside hospital. *Id.* at 11. And Bradford himself never observed any sign that plaintiff had razor blades in his possession or had ingested them. *Id.* Plaintiff's disagreement with the medical care he received is insufficient to sustain a claim for deliberate indifference to serious medical needs.

Having carefully reviewed the entire file, including the parties' objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on August 5, 2025, Doc. 91, are adopted in full.
2. Defendants' motion for summary judgment, Doc. 63, is granted in part and denied in part as follows:
    a. Defendants' motion for summary judgment is granted as to plaintiff's claim against defendant Bradford for deliberate indifference to serious medical needs in violation of the Eighth Amendment; and

///

b. Defendants' motion for summary judgment is denied as to plaintiff's remaining claims.

3. Defendant Bradford is dismissed from this action.

4. This action proceeds on plaintiff's first amended complaint against: (1) defendants E. Diaz and Ramirez for excessive force in violation of the Eighth Amendment for spraying plaintiff with OC spray; (2) defendants E. Diaz and Ramirez for excessive force in violation of the Eighth Amendment for applying excessively tight ankle restraints and dragging plaintiff by the chain of the shackles into the hallway; (3) defendants Martins, E. Diaz, Ramirez, and Marin for excessive force in violation of the Eighth Amendment for beating plaintiff with batons in the hallway; (4) defendants A. Aguilar and E. Figueroa for failure to intervene in violation of the Eighth Amendment; and (5) defendants Stanley, Arrozola, and Aguilar for unconstitutional conditions of confinement in violation of the Eighth Amendment.

5. This action is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: September 7, 2026

UNITED STATES DISTRICT JUDGE