UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARKEEM EVANS,<br>Plaintiff,<br>v.<br>DIAZ, *et al.*,<br>Defendants. | Case No. 1:22-cv-00291-KES-FJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE<br><br><u>FOURTEEN (14) DAY DEADLINE</u> |

I. <u>BACKGROUND</u>

Plaintiff David Arkeem Evans ("Plaintiff") is a former state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action is set for a video trial scheduling conference on October 26, 2026, at 9:30 a.m. to discuss setting the relevant deadlines and trial date before District Judge Kirk E. Sherriff. (ECF No. 102.)

On December 8, 2025, Plaintiff filed a notice of change of address indicating that he had been released from custody and was residing at the provided residential address. (ECF No. 97.) On March 23, 2026, this action was reassigned to the undersigned. (ECF No. 99.) On April 3, 2026, the court's reassignment order was returned as "Undeliverable, No Such Number." Plaintiff did not file a notice of change of address or otherwise communicate with the court.

On September 8, 2026, Judge Sherriff issued an order adopting findings and recommendations to grant in part and deny in part Defendants' motion for summary judgment.

(ECF No. 100.) On September 22, 2026, the order adopting was returned as "Undeliverable, Return to Sender, No Mail Receptacle, Unable to Forward." Plaintiff has not communicated with the court since the filing of his December 8, 2025, notice of change of address.

II. DISCUSSION

Plaintiff is required to keep the court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

Plaintiff's address change was due no later than May 4, 2026. Plaintiff failed to file a change of address or otherwise communicate with the court. "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). (citation omitted).

Given Plaintiff's failure to update his address, the expeditious resolution of litigation and the court's need to manage its docket weigh in favor of dismissal. *Id.* at 1227. Although Plaintiff is not proceeding *in forma pauperis* in this action, it appears monetary sanctions will be of little

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case and updating his address. More importantly, given the court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the court of his current address. *Id.* at 1228–29; *Carey*, 856 F.2d at 1441.

III. RECOMMENDATION

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b); Local Rule 183(b).

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **September 24, 2026**

UNITED STATES MAGISTRATE JUDGE